IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TAMMY SPARKS                                                                               PLAINTIFF

V.                              CASE NO. 1:13CV00035 JTK

CAROLYN W. COLVIN, *Acting Commissioner,*
Social Security Administration                                                      DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff Tammy Sparks brings this action for review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI). Both parties have submitted appeals briefs, and the case is ready for decision.[1]  The only issue before the Court is whether the Commissioner's decision is supported by substantial evidence. After reviewing the administrative record and the arguments of the parties, the Court finds that the Commissioner's decision is not supported by substantial evidence.

**Procedural History**

Plaintiff protectively filed her application for SSI on December 7, 2010, alleging an onset date of May 1, 2007. She claims disability due to degenerative disc disease and migraines. Plaintiff's claims were denied at the initial and reconsideration levels. A hearing was held on May 8, 2012, before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued an unfavorable decision denying Plaintiff's claims, and the Appeals

---

[1]The parties have consented to the jurisdiction of a Magistrate Judge (DE #3).

Council subsequently denied the request for review. It is from this decision that Plaintiff now brings her appeal.

## Administrative Proceedings

Plaintiff was 33 years old at the time of the administrative hearing and had completed the tenth grade. The ALJ applied the five-step sequential evaluation process[2] to Plaintiff's claim. Plaintiff satisfied the first step because she was not employed and had not engaged in substantial gainful activity since her application date. In fact, the ALJ found she had less than $6,000 in lifetime earnings and no substantial gainful activity in any year. At step two, the ALJ found that Plaintiff suffered from the severe impairments of degenerative joint disease of the cervical spine and right shoulder, migraine headaches, a history of asthma, and obesity. At the third step, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 ("listing"). Further, the ALJ found that Plaintiff's testimony and allegations regarding her limitations were not fully credible and that Plaintiff retained the residual functional capacity (RFC) to perform limited light work[3]. At step four,

---

[2]The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

[3]Specifically, the ALJ found Plaintiff could lift up to 20 pounds occasionally, 10 pounds frequently, and stand, walk, or sit up to 6 hours in an 8-hour workday. He also

the ALJ found Plaintiff had no past past relevant work, but crediting the testimony of a vocational expert (VE), he found at step five that Plaintiff could perform other work existing in the national economy, including the jobs of cashier and retail marker. Accordingly, the ALJ found Plaintiff was not under a disability.

## Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of

---

found she could climb, balance, stoop, kneel, crouch, crawl, and reach overhead occasionally but should avoid concentrated heat, cold, humidity, noise, fumes, odors, dusts, gases, or poorly ventilated areas. Additionally, the ALJ found Plaintiff should not be around hazards such as heights, hazardous machinery, motor vehicles, or firearms.

evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## Discussion

On appeal, Plaintiff argues the ALJ erred in his credibility determination and at step five. Because the ALJ erred at step five, the Court orders remand.

**1.     Credibility**

Plaintiff argues first that the ALJ erred in the credibility determination. The Court finds no error.

In considering the credibility of a claimant's subjective complaints, an ALJ must consider the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as the following: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). However, the ALJ is not required to discuss each *Polaski* factor as long as he acknowledges and considers the factors before discounting a claimant's subjective complaints. *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010) (quoting *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009)). While the ALJ may not disregard subjective pain allegations solely because they are not fully supported by objective medical evidence, *see Chamberlain v. Shalala*, 47 F.3d 1489, 1494 (8th Cir. 1995), an ALJ is entitled to make a factual determination that a

claimant's subjective complaints are not credible in light of objective medical evidence to the contrary. *See* 20 C.F.R. §§ 416.908, 416.929 (requiring that an individual's subjective complaints of pain alone shall not be conclusive evidence of disability, but must be documented by medical evidence which reasonably could be expected to produce the pain or symptoms alleged). Furthermore, the Court will generally defer to the ALJ's decision to discredit the claimant's complaints if the ALJ gave good reasons for doing so. *Halverson*, 600 F.3d at 932.

Review of the ALJ's decision shows that he considered the entire record. The Court will not substitute its opinion for that of the ALJ, who is in a better position to assess credibility. Here, the ALJ referred to the *Polaski* considerations and cited inconsistencies in the record to support his findings. The Court has carefully reviewed the record and determined the ALJ's finding that Plaintiff's subjective complaints were not fully credible was adequately explained and supported by the record as a whole.

**2.     Step Five**

Plaintiff argues next that the ALJ erred at step five. Specifically, Plaintiff contends that the ALJ failed to resolve an apparent conflict between evidence provided by the vocational expert (VE) and information contained in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (SCO). The Court agrees.

Before an ALJ can rely on VE testimony to support a disability, the ALJ must identify and obtain a reasonable explanation for any conflict between evidence provided by the VE

and information contained in the DOT.  *Jones v. Astrue*, 619 F.3d 963, 977-78 (8th Cir. 2010).  In the case at bar, the VE testified that Plaintiff could perform the work of a cashier and retail marker.  The parties agree that the DOT indicates that both of these jobs involve frequent reaching.  They also agree that the DOT defines reaching as the extension of the hands and arms in any direction.  Here, however, the ALJ limited Plaintiff to only occasional overhead reaching.  Plaintiff asserts the ALJ failed to resolve the conflict, and the Commissioner asserts no conflict exists because "even a job requiring frequent reaching does not necessarily require more than occasional overhead reaching, if any at all."  Defendant asserts that nothing in the DOT's job descriptions for cashier and retail marker indicates that these jobs require frequent overhead reaching, and in fact, logic dictates that the duties listed in the DOT for these two jobs do not entail frequently working above the head.  The Court rejects this argument.

In *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630 (8th Cir. 2014), the Eighth Circuit vacated a district court judgment and remanded the case to the Commissioner for further proceedings when the ALJ failed to resolve the potential conflict between the VE's testimony that the claimant could perform a check-weigher job, which required constant reaching, and the ALJ's hypothetical, which described a claimant who could reach overhead only occasionally.  The Court held that the Commissioner did not meet her step-five burden of establishing jobs existing in the national economy that claimant was capable of performing because the record did not reflect whether the VE or the ALJ even recognized the possible conflict, the VE did not explain the possible conflict, and the ALJ requested no such

explanation. The current case involves a similar situation.

Although the ALJ determined, and the VE was aware, that Plaintiff was limited in her ability to reach overhead, the VE did not offer, nor did the ALJ solicit, testimony to resolve the possible conflict between the VE's testimony and the DOT's listings that required frequent reaching. The ALJ's decision must explain how any conflict between the VE's testimony and the DOT job description was resolved. *See Kemp,* 743 F.3d at 633; *Hendrick v. Astrue*, Civil No. 12-3006, 2013 WL 216141 (W.D. Ark. Jan. 18, 2013); *George v. Astrue*, No. 4:09CV1686 FRB, 2011 WL 976704 (E.D. Mo. March 17, 2011); Social Security Ruling 00-4p. Remand is necessary for further proceedings consistent with this opinion. *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974 (8th Cir. 2003).

## Conclusion

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence. The Commissioner's decision is reversed and this matter is remanded for further proceedings pursuant to "sentence four," within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

SO ORDERED this 22nd day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE